**LAMPERT v CONWAY**

**LAMPERT v HOOD**

Ohio Appeals, 2nd Dist, Darke Co.

Nos. 569 & 570.  Decided Jan. 4, 1940

T. A. Billingsley, Greenville, for appellant.

Wilbur D. Spidel, Greenville, for appellee.

**OPINION**

By GEIGER, J.

These two cases involve the same question and will be decided together. The cases had their origin in the court of a Justice of the Peace of Greenville Township, Darke County, Ohio. The bills of particulars are identical except so far as the amount involved is concerned, and the party defendant.

It is alleged that on May 4th, 1939, plaintiff purchased from the defendant named certain sows and pigs; that said hogs had been exposed to cholera and other diseases, all of which was unknown to plaintiff but known to the defendant; that by reason of said infection the hogs became ill and communicated the disease to other hogs owned by plaintiff and by reason thereof veterinarian expenses were incurred; that other hogs on the plaintiff's place became infected and either died or were so diseased as to be worthless. Plaintiff in each case says that he is entitled to damages as prayed for and asks judgment in the sum of $217.63 against Hood and $232.23 against Conway.

In each case an affidavit in attachment is filed stating the amount claimed which plaintiff sought to recover and that there is property of the defendant about to be attached, on the ground that the defendant is not a resident of the County of Darke, and other grounds as set out in the printed form of the affidavit, but it is agreed that the non-resident provision of the statute is the one upon which plaintiff relies.

The amount in which the defendant is indebted to the plaintiff is alleged to be for "damages, injuries and medical services incurred". The property of each defendant was seized by the constable and appraised. Each defendant filed a motion to dismiss the attachment on six different grounds, the first of which is the only one relied upon, it being because said attachment was issued unlawfully in the Court of the Justice of the Peace on a claim for damages, it not being within the province and jurisdiction of the Justice of the

Peace to issue a writ of attachment on a claim for damages.

A motion was also filed to quash summons for the reasons therein stated.

The Justice of the Peace sustained the motion to dismiss the attachment and the causes were appealed to the Court of Common Pleas and there heard after it was agreed by counsel for both plaintiff and defendant that the sole ground of attachment relied upon was that the defendant was a non-resident of the county and it was further agreed that the defendant is a non-resident. The Court found that the affidavit for attachment and the bill of particulars disclose that the claim of the plaintiff is one for damages arising from a tort and that the motion to discharge the attachment is well taken and that each affidavit is defective in that it states that the claim of the plaintiff is one for damages when the ground for attachment relied upon by the plaintiff is that the defendant is a non-resident. The Court orders that the attachment be discharged and the cause remanded to the Justice of the Peace.

Thereupon plaintiff gave notice of his intention to appeal to the Court of Appeals on questions of law.

The Court below, in his decision, recites the facts and finds that the authority for the issuing of an order of attachment in Justice's Court in found in §10253 GC and that Paragraph one provides that the affidavit shall show that the defendant is a non-resident of the County and that the "claim against such defendant or said defendants is a debt or demand arising upon contract, judgment or decree". The Court finds that §13373 GC, a penal section, including a provision imposing liability upon any person violating its provisions is not applicable. The Court is further of the opinion that even though the affidavits might have positively stated that the action was based upon contract, that the bill of particulars would not sustain the position of the appellant for the reason that there was no statement to the effect that there was any transportation of the diseased hogs by

either defendant. The Court reaches the conclusion that the affidavits for attachment do not specifically comply with §10253 GC and therefore dismisses the appeals and remands the causes to the Justice. The finding of the Court is embodied in an entry from which the appeal is taken.

The assignment of errors is to the effect:

(1) That there is error in affirming the judgment of the Justice.

(2) Error in the conclusion that the affidavits are not sufficient to comply with §10253.

(3) Error in dismissing the appeal from the docket of the Justice of the Peace.

The questions involved have given rise to an interesting discussion by counsel representing the appellant and appellee.

Appellant points out that in each of the bills of particulars the claim is made that the appellant purchased hogs which were infected, thereby causing him not only loss of the purchase price but to suffer incidental damages.

Counsel calls our attention to §13373 GC which is a penal statute relating to Domestic Animals and provides, in substance, that whoever transports a hog within this state, infected with cholera shall be punished as therein provided and "be liable for all damages resulting from such disease thereby."

Counsel asserts that by virtue of this section there is, in addition to the purchase and sales contract, a statutory liability and that the statute, in addition to the penalty provided, creates a civil liability and it is claimed that the courts of Ohio have held that where the statute creates a civil liability that the same furnishes a basis for attachment, upon the ground of non-residence. Counsel cites cases supporting his position. The first case is Harlan v Capitol Investment Company, 11 O. N. P. (N.S.) 492, where it is held:

"An attachment will lie against a foreign corporation in an action for recovery of money lost in gaming."

The Court there states that an action brought by a loser against the winner is regarded as **ex contractu** and cites **Baker v Moorehead, 7 O. N. P. (N.S.) 381.** The motion in that case to discharge the attachment was overruled.

**Baker v Moorehead, 7 O. N. P. (N.S.) 384,** holds that an order for attachment without bond will lie against the defendant foreign corporation in an action for the recovery of money lost in the scheme of chance commonly called a "Bucket Shop". The Court in deciding the case alludes to a number of interesting decisions in reference to what constitutes contracts, whether they be constructive, express or implied and holds that the loss of money through the operation of a "Bucket Shop" falls within the definition of a constructive contract and authorizes the loser to sue **ex contractu** and after discussing the various cases, overrules the motion to dismiss the attachment on the ground that the claim is not founded upon a contract.

**Bank v Rolling Mill Company, 2 O. N. P.,** decided in 1895, holds that an action by a creditor of an insolvent corporation to enforce statutory liability of a stockholder for the debts of the corporation is an action arising upon contract within the meaning of the statute relating to attachments against the property of non-residents. The Court, after examining the question in detail in reference to the liability of a stockholder of an insolvent corporation, states:

"That the action is for money, and that the claim is upon a contract liability and therefore that an attachment may properly be issued."

**Cleveland Gas & Electric Company, v Electric Light and Power Company, 6 O. N. P., 218,** is directly in conflict with the last cited case and holds that by the word "contract" as used in the attachment statutes is meant the general understanding and definition of contract in law, which is an agreement between two or more parties to do or

not to do a certain thing, and that the word can not be changed to include liabilities merely in the nature of contracts. "It therefore does not include a stockholder's statutory liability for the debt of an insolvent corporation. An attachment can not be issued on the statutory liability of a non-resident in an insolvent corporation." The Judge in his opinion directly challenges the holding of the Court in Bank v Rolling Mill Co., supra. The Supreme Court had an opportunity to pass upon this mooted question in **Huffman v Manufacturing Company, 66 Oh St 427,** but decided the case on another issue. The Court, after discussing the question holds that another ground rendered the attachment invalid, and states:

"This disposition of the case renders it unnecessary to decide the other question as to the relation which a stockholder sustains to a creditor of the corporation—whether contractual or otherwise."

The Court thus declined to pass upon the question which had been in controversy in the courts.

Several other cases are referred to along this line which we have examined. **Wise v Martin, 7 O. N. P. 660,** involved the recovery of money lost in the operation of a slot machine.

**Sec. 13373 GC** penalizes "whoever transports a hog within this State infected with cholera."

We are of the opinion that this Section and the civil penalty therein provided is not available for supplying the necessary allegation that the claim is a debt arising upon contract.

In the Justice's statute, the **affidavit** must show that the claim is a debt arising on contract. In the common pleas statute, §11819 GC, the attachment shall not be granted for any claim other than a debt arising upon contract. The affidavit filed before the justice must show that the claim arises upon a contract while the statute as to the court of common pleas does not

definitely provide that this fact must appear in the affidavit.

Just what is a contract? **Railway Company v Gaffney, 65 Oh St 104** holds:

"The meeting of minds of parties upon its terms is necessary to the making of a contract; and this is so whether it be an express contract or an implied one, if, in the latter case a contract to be proved is an actual one as distinguished from an constructive contract."

The case of **Weirick v Lumber Co., 96 Oh St 386,** opinion by Wanamaker, J., holds:

"1. Remedial statutes require a liberal construction and a liberal application to the facts of any given case.

"2. Statutes pertaining to attachment and the procedure incident thereto are of a remedial nature."

Judge Wanamaker was interpreting §11819 GC, the affidavit to be filed in Common Pleas Court. He states, in substance, that the statute must be applied, not with strictness nor with the particularity essential in a formal pleading.

Sec. 8395 GC of the Uniform Sales Act provides that when a buyer makes known to the seller the particular purpose for which the goods are required and relies on the seller, whether he be the grower or manufacturer, there is an implied warranty that the goods shall be reasonably fit for such purpose. An implied warranty or condition as to quality or fitness may be annexed by the usage of trade. See authorities cited under heading, "Warranty of Fitness for Purpose" or "Sales for Specific Purpose".

Sec. 8449 GC provides:

"When there is a breach of the warranty by the seller, (6) The measure of damages for the breach is the loss directly and naturally resulting in the ordinary course of events from the breach of the warranty." See citations under heading, "Measure of Damages for Breach of Warranty".

**Pope v Insurance Company, 24 Oh St 481** holds:

"(1) The jurisdiction of a defendant can not be acquired by proceedings in attachment, on the ground of his non-residence in this state, when the petition in the case and the affidavit for attachment, fail to show that the cause of action is one arising upon contract, judgment or decree."

**Adkins v Newcomber, 9 O. N. P. (N.S.) 305** holds:

"2. Non-residence is made a ground for attachment under §6489 only when the claim is a debt or demand arising on a contract * * *"."

Whatever may be the difference between the affidavit called for by §10253 GC of the Justice's Code and §11819 GC, relating to attachments in the Common Pleas Court, §10253 GC provides definitely and specifically that the affidavit must show in case of attachment for non-residence "that the claim against such defendant or said defendants is a debt or demand, arising upon contract, judgment or decree." The affidavit in this case shows that the debt is "for damages, injuries and medical services incurred". This falls short of a showing that the debt arose upon contract as required by the statute.

Judgment of the Court below affirmed.

HORNBECK, PJ. & BARNES, J., concur.